**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HEALTHCALL OF DETROIT, INC.,

    Plaintiff,

v.                                              Case No. 05-CV-74434

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S**
**"MOTION TO VACATE REFERENCE TO MAGISTRATE**
**JUDGE AND REASSIGN CASE TO DISTRICT COURT . . ."**

On March 30, 2006, the parties, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, voluntarily consented to give jurisdiction over this case for all proceedings, including jury or non-jury trial, to a magistrate judge. (4/3/06 Consent Order.)[1]  Now the parties seek to revoke that consent, claiming that discovery has revealed that "issues much larger in scope than those originally anticipated" are at issue and that the expertise of this court is instead required. (Def.'s Mot. at 4.)[2]

Defendant's motion identifies the correct standard for vacating a voluntary reference of a case to a magistrate judge:

---

[1] The parties signed the order, which was entered a few days later on the court's docket, on the earlier date.

[2] Defendant filed the motion on February 1, 2007 and Plaintiff later filed a "joinder and concurrence" with Defendant's motion. (2/6/07 Notice.)

> The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection.

28 U.S.C. § 636(c)(4). The motion, however, applies the wrong standard when it argues that there is good cause for removing the case from the jurisdiction of the magistrate judge. (Def.'s Mot. at 4.) Because the motion is not brought by the court but, rather, by the parties, extraordinary circumstances must exist. 28 U.S.C. § 636(c)(4). The parties have not argued, nor is the court persuaded, that this case presents extraordinary circumstances. For example, the parties do not claim that their consent was incomplete or ineffective. *See*, *e.g.*, *Murret v. City of Kenner*, 894 F.2d 693 (5th Cir. 1990) (finding that extraordinary circumstances existed where there was a failure to follow the local requirement to ask on the record if each party has filed consent to the jurisdiction of the magistrate judge).

The court encourages parties to enter into such stipulations to transfer jurisdiction carefully and voluntarily. If a court were to allow parties to simply, and too easily, re-think their positions and reverse field when the profile of litigation changes, the court would not be assisting itself or the parties in that effort. Once consent is granted, there is no absolute right to withdraw consent to jurisdiction before a magistrate judge. *See U.S. v. Neville*, 985 F.2d 992 (9th Cir. 1993).

Finally, the court notes its confidence in the ability of the magistrate judge who by agreement has jurisdiction in this matter. That confidence was an important factor in the court's agreement to allow the parties to consent to magistrate judge jurisdiction in the first instance. The court is aware of nothing in this litigation, as compared to other litigation of a generally similar character, that should be considered "too complicated," or

otherwise beyond the scope of any competent magistrate judge. For these reasons, the court firmly believes that the requested remedy is aimed at a problem that does not exist. The parties are not saddled with an inadequate forum, for this court has no shortage of respect and admiration for the service that magistrate judges deliver day in and day out to the federal court system and, ultimately, to the litigants who rely upon that system.

Accordingly, as a general proposition, the court believes that the purposes of 28 U.S.C. § 636 are best served when district courts treat as binding the valid consent of litigants to refer proceedings to a magistrate judge, other than when extraordinary circumstances arise. *See*, *e.g.*, *Lorenze v. Valley Forge Ins. Co.*, 815 F.2d 1095 (7th Cir. 1987) (holding that extraordinary circumstances do not exist when additional insured are allowed to amend their complaint to increase demand of punitive damages from $150,000 to $10 million); *Swallow Turn Music v. Tidal Basin, Inc.*, 581 F.Supp 504 (D. Maine 1984) (rejecting attempt in absence of extraordinary circumstances to revoke consent to jurisdiction of magistrate judge).

IT IS ORDERED that "Defendant's Motion to Vacate Reference to Magistrate Judge and Reassign Case to District Court . . ." [Dkt # 25] is DENIED.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: March 1, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 1, 2007, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522